FRANCINE M. ARTHUR
Plaintiff, pro per
441 S Maple Unit #128
Mesa, AZ 85206
Phone 602 471-8668
Fmarie77@yahoo.com

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 2 8 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

FRANCINE M. ARTHUR

    Plaintiff,

vs.

WINDSOR SHADOWS HOMEOWNER'S ASSOCIATION

    Defendants,

Case No: CV-20-435-PHX-DJH

**PLAINTIFF FRANCINE M ARTHUR'S COMPLAINT FOR DAMAGES FOR:**

1. **FRAUD IN VIOLATION OF U.S.C. 29 CFR §2580.412-9**
2. **DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII AND FAIR HOUSING**
3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURY**

**NOTICE TO PRODUCE**

**DEMAND FOR JURY TRIAL**

## TO ALL PARTIES:

Plaintiff, Francine M. Arthur, alleges, on the basis of personal knowledge and/or information and belief:

### SUMMARY:

This is an action by Plaintiff, Francine M. Arthur, ("Plaintiff" or "Arthur"), brings various federal and state law claims against Windsor Shadows Homeowner's Association

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURYAND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 1

("Defendants" or "HOA").  Plaintiff's claims stems from her family home in Maricopa County, Arizona. Presently pending before the Court are Plaintiff's Complaint and Notice to Produce documents to the Court under Code of Federal Procedures Rules 45 & 34 26 (b) Producing Documents and Electronically Stored Information contained in the Windsor Shadows and Mulchay Law firm as it pertains to the HOA bookkeeping for all units from 25 years ago until present. Specifically demonstrating and showing where other properties had liens similar to the Arthur family home.

Plaintiff asks this Court to review and enforce federal law and if whether the Windsor Shadows Homeowner's Association has violated statutes meant to protect Plaintiff's rights to dwell in her family home free from harassment hostile discrimination and (2) whether such for fraud and deceit based on alleged misrepresentations made in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and Fair Housing Act.

**JURISDICTION AND VENUE:**

This Court has jurisdiction over all causes of action asserted against Windsor Shadows HOA pursuant to U.S.C. §§ 3601-3619 and §§ 3631 including U.S.C. Title VII Civil Rights and Fair Housing Act.

Venue is proper pursuant in the District of Arizona under 28 U.S.C. §1402 (b) because the Plaintiff resided in this district and all the wrongful acts and/or omissions complained of herein occurred in this judicial district.

**INTRODUCTION:**

Arthur had purchased a home with her mother Clara Arthur in 1997 and they were one of

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 2

the very first African American Hispanic and Native American families in the newly developed Subdivision Windsor Shadows located at 441 S Maple Mesa AZ with over 160 single style family homes. This subdivision is governed by CC&R's within the Subdivision are subject to recorded Declaration of Covenants, Conditions and Restrictions Pursuant to the CC&R's that Windsor Shadows created. The CC&R's developed by Windsor Shadows include but are not limited to Home Owner's fees and Ground Maintenance of the "common grounds" provided at the expense of Windsor Shadows HOA and its agents.

**PARTIES:**

1. *Plaintiff:* Francine M Arthur, is and at all times mentions in this request is the daughter of Clara Arthur. She is African American Hispanic and Native American disabled both mentally and physically.

2. *Defendants:* Windsor Shadows and its agents are and at all times were, authorized to operate by the Windsor Shadows HOA board in Maricopa County in United States of America.

3. *Windsor Shadows Agents:* The agents employed by Windsor Shadows to act as its agents include Mulcahy Law Firm, Mid Century Insurance Company, Krueger Insurance Agency, Vision Property Management and any prior property management companies hired on behalf of Windsor Shadows HOA. (Hometrend Property) Each are in some manner responsible for acting as the agents withing their scope in taking the actions of enforcing CC&R's obligations for Windsor Shadows HOA which sought the order for the lien on the property unit #128 the Arthur family home.

Finally, at all relevant times mentioned herein, all acted as agents of Windsor Shadows

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 3

Home Owners Association in committing the acts of enforcement.

**FACTS COMMON TO ALL CAUSES OF ACTION:**

*Plaintiff*: Francine Arthur who is proceeding *pro se*, alleges the following, which must be accepted as true for the purposes of the pending motions to enforce federal laws and statutes.

*Plaintiff:* Francine M. Arthur is mother to her two children the daughter of Clara Arthur. Francine is also disabled while residing in the family home.

*Defendants actions and behavior:*

(a) Windsor Shadows HOA and its agents, have "engaged" in conduct having a high degree of moral culpability which manifest[ed] a conscious disregard to the rights of others or conduct so reckless as to amount to such disregard. On September 9, 2019, both Windsor Shadows HOA and Mulcahy Law firm sought to gain a lien as a form of "selective enforcement" of the Arthur family home in Arizona court system.

After Arthur had lost her mother Clara to a terrible battle of breast cancer, she did her best as a single mother to two young children to maintain and keep up a home for her children in the "family home".

In May 2009 Arthur, was informed she needed to make repairs on the family home due to paint issues. Francine did make an attempt to fix and correct the damaged chipped paint on May 5th 2009 but was told by the HOA that the paint job was unsatisfactory. Arthur then hired a professional commercial contractor Mike Roberts on August 18, 2009 to come out to the home and repair the paint only to be told that his job was also unsatisfactory. Mr. Roberts wrote a letter to confirm that other houses were also in need in of paint repair yet to this date the HOA cannot

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 4

show any evidence that similar liens were placed on their homes and along with huge fines.

This began the huge amount fines and assessments for repairs and a lien on the property by the HOA and their legal team Mulchay Law Firm. Arthur claims her family home was "singled out" and the HOA used their legal team to "selectively enforce" her house to painted twice as a form of discrimination. Other homes were and still are to this date chipping and have not had a lien imposed in the same fashion as the Arthur family home.

After the contractor who performed the paint job provided a letter with his years of expertise and knowledge the HOA was willingly to accept his work as satisfactory.

The harassment did not stop there, while Arthur was trying to remedy the financial situation of the lien and the monetary assessments placed upon the home, and agreement had to be made between the HOA and the law firm. After it was reached the law firm claimed to have lost the initial amount of $1,000 that was signed for to set up a payment plan. The email Arthur sent to the firm's representative Brandon Bethel confirms he did receive the money and would apply it to the balance on September 23, 2009.

**To this date it was previously confirmed by Lauren Vie at law firm as well on September 30, 2016 that the $1,000 has never been applied**.

Arthur was previously advised Brandon no longer worked there yet he still does.

In fact, each time Arthur has brought this up to the law firm, she is reassigned a "new case manager" from the law firm to her case or they advise her she must locate the original money order. This was years ago and the proof of the email from Brandon confirms the law firm did receive it he signed for it and even sent back an email that he confirmed he would apply the

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 5

$1,000. It never happened.

This course of action now leads to the **_Breach of fiduciary duty and fraud_**. Arthur alleges that the HOA board has continually refused her requests to view the entire associations bookkeeping practices for over the past 25 years until present.

Arthur alleges she is being held to a higher standard based on her race, and disability.

Arthur has asked the board several times if the amount could be lowered or negotiated and was denied. However, it has come to Arthur's attention that another resident named <u>**_Alan Lay residing in Unit #101 has had his entire account that was in the thousands of dollars forgiven simply because he was previously the president of the HOA board prior to 2009_**</u>.

Arthur has requested to view the books on this matter and was again denied.

Arthur has tried to have the law firm provide the correct amounts of payments and told them that the records do not coincide with her records with Caitlin Denning in January 25, 2011. She advised the legal firm that due to her mental disability to process information she requested if they could provide specific detailed information as to why and how the numbers are not "matching up" and that "cooking the books" is illegal. The law firm had no explanation of why more fees were added on to the account when it came time to remove the lien the first time and more fines were then piled on. It was simple math.

Arthur alleges the HOA board imposes CC&R's violations on her property like a paint job or profiled her for an orange car parked by the pool or home that did not belong to her. It belonged to a frequent visitor in the neighborhood who was also African American that Arthur did not know.

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 6

Most recently, in September 2019 Arthur had no knowledge that a new lien was placed upon the property until after a relative or friend on the HOA showed up at her door demanding that "she needed to move and get out of here and who was Clara? And who was she?" that the HOA was going to foreclose on the family home. He offered her money and told her he was a "real estate investor" and attempted to enter her home. Arthur tried to find out the details of the new lien and it on the date it happened with Maricopa County Treasurer only to be advised that no lien had been recorded yet. The question is how did this person have access to this knowledge of the upcoming pending lien?

Finally, after reaching out to the Mulchay Law Firm she discovered that to her shock and dismay a lien had indeed been placed on the home even though she was religiously making payments in the amount of $200 every month for over 3 years in good faith. Arthur is on fixed income and has advised the HOA and the law firm of this.

However, the new lawyer from the firm Morgan Ronimus had advised Arthur the notice for lien was to "protect the HOA" and served to an old address in California that Arthur had not lived at in over 10 years dated September 9, 2019.

Arthur asked why would the law firm do this when each month they had her home address on file and her post office address as well or her phone number. The HOA board knew she was now living back at the family home. Yet the law firm chose to serve an outdated address of over ten years ago. This behavior is fraudulent and suspect in its very nature.

**FACTUAL ALLEGATIONS:**

*Economic damages:* As a consequence of Defendant's' conduct Plaintiff has suffered and

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 7

will suffer harm, including lost income with interest and penalties, damage to her reputation and her medical bills in sum to be proven.

*Non-economic damages:* As a consequence of Defendant's conduct Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish in the sum to be proven.

*Punitive damages:* Defendant's conduct constitutes oppression, fraud, and/or malice under Arizona Statutes §§ 12-731 and U.S.C. §1341, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

*Malice:* Defendant's conduct was committed with malice within the meaning of Arizona Statues §§ 12-731 and U.S.C. § 1341 including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, (b) Defendant's conduct was despicable and committed willful and conscious disregard of Plaintiff's rights, health and safety.

*Oppression:* means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. In addition, and/or alternatively, Defendant's conduct was committed with oppression within the meaning of Arizona Code A.R.S. §13-2310 and U.S.C. §1341 including that Defendant's actions against Plaintiff by misrepresentation of their bookkeeping with perjurious concealment of evidence of the actual record keeping in its entirety. A.R.S. § 33—1805 and A.R.S. § 33-1258 explicitly calls for "full and accurate disclosure of all financial and other records of the association shall be made reasonably available for an examination by any member or any person designated by that

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 8

member with no charge and the association shall have ten business days to provide copies of the requested records. Not doing so is an express breach of fiduciary duty which requires the court to award damages if the failure to disclose constituted "oppression, fraud or malice."

*Fraud:* means an intentional, misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants and its agents of thereby depriving a person of property or legal rights or otherwise causing injury. In addition, and or alternatively, Defendant's conduct as alleged, was fraudulent within the meaning of fraud and dishonesty in U.S.C. 29 CFR § 2580.412-9, including Defendants, asserted false misinformation about Plaintiff's actual account records and inflated the assessments thru "selective enforcement" on the Arthur family home.

*Exhaustion of remedies:* Prior to filing this action Plaintiff has exhausted her administrative remedies by timely opening a request for review with attempting to resolve this matter with Windsor Shadows board and Mulchay Law firm and its representatives.

**FIRST CAUSE OF ACTION:**

**(Violation of U.S.C. 29 CFR § 2580.412-9**

**(a) alleged fraud §§ U.S.C. 1341 –**

**Against Windsor Shadows Homeowner's Association)**

*Fraud* consists of two types:

*Fraud in the Inducement:* occurs when the fraud exists with regards that one of the parties is deceived into a contract, due to fraudulent circumstances which in this case a legal homeowner's fees obligation calculation.

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 9

*Fraud in the Factum:* occurs where the fraud exists only in relation to a particular fact.

In this particular case, Defendants allegedly committed fraud by making false representation of material facts (whether spoken or by conduct) by providing misleading information or concealing information that should have been disclosed wherein the other party the Plaintiff, and the Court relies on such information.

Fraudulent conduct exists where there are "known" misunderstanding. When one party misunderstands a material term, that party must correct that misunderstanding upon discovering that one party fails to completely understand all terms of the facts when making an order for a lien on real estate property.

If this does not happen the party with knowledge of the misunderstanding has engaged in fraudulent behavior. The motive behind fraudulent conduct usually is for financial or economic gain. An agreement or in this case a lien against real estate property order entered into based on fraudulent conduct is voidable.

The Court can cancel and order that has been formed on the basis of misrepresentation of the information it relied on.

Plaintiff alleges that Defendants committed fraud for reopening the real estate lien for economic gain to "protect their interests" when Plaintiff was religiously making monthly payments based on an agreement with the HOA. This notice was served to her old address that she had not lived at for ten years and her monthly payments reflected the Arthur family home on the money orders and mailing packaging. Yet the law firm neglected to notice this and still sought to have a lien placed against the property without contacting Arthur.

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 10

***This timeline that cannot be reconciled***,

A statement of the Defendant's then-existing state of mind, such as ***motive, intent, or plan*** are proof of the kind of discrimination the Plaintiff had to endure.

In addition, Plaintiff respectfully asks this Court to consider the following:

In an attempt to get a "bigger check" Defendants inflated and exaggerated their fees and assessments on the financial ledgers that are submitted to the Court.

This is exaggerated and in order for Defendants to validate their claim to place a lien on the Arthur family home while no other home has endured this within the subdivision. Again, this demonstrates the "selective enforcement" constituting discrimination against HUD and federal FHA rules.

The original agreement was to not continue to add on legal fees or repairs until Arthur could pay off the assessments imposed by the HOA. Since then the HOA and law firm continue to add on legal fees and interest.

For this reason, Plaintiff requests to set aside the lien on the Arthur family home based on the fact that Defendants deliberately exaggerated their numbers and hid the bookkeeping from Arthur and the Court by over reporting the fees and fines. This constitutes a statute of fraud and perjury.

**NOTICE TO PRODUCE BOOKEEPING AND ALL RECORDS:**

In relation to the bookkeeping ledgers for Defendants, the financial account for Arthur was never completed or reconciled to Arthur's claims until this present day. Plaintiff asks this

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 11

HOA to produce the records of all home in the subdivision of Windsor Shadows for the last 25 years until present under Arizona Statutes §§ 12-731 and U.S.C. §1341

Plaintiff believes it would benefit *all parties* especially in regards to Alan Lay's home Unit #101 who is still a resident and had all of his debt forgiven per the HOA board and its members.

**SECOND CAUSE OF ACTION:**

**(Discrimination: Violation of Civil Rights Title VII**

**Fair Housing Act)**

In this cause of action Plaintiff seeks relief to enjoy her civil right of the family home and dwelling in peace and harmony.

Discrimination rules for liability under 24 C.F.R. §100.7(a)(1)(iii) states that an HOA Board will held directly liable for the [f]ailing to take prompt and correct and end a discriminatory housing practice by a third-party, where the person knew or should have known of the discriminatory conduct and had the power to correct it," Including harassment, injustice, and the alleged behavior.

Conduct made unlawful under this section includes, but is not limited to, the following:

(1) Coercing a person, either orally, in writing, or by other means, to deny or limit the benefits provided that person in connection with the sale or rental of a dwelling or in connection with a residential real-estate transaction because of race, color, religion, sex, handicap, familial status, or national origin.

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 12

(2) Threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or national origin of such person, or visitors or associates of such persons.

(3) Intimidating or threatening any person because that person is engaging in activities designed to make other persons aware of, or encouraging such other persons to exercise, rights granted or protected by this part.

(4) Retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act.

(5) Retaliating against any person because that person reported a discriminatory housing practice to a housing provider or other authority.

Plaintiff alleges the HOA and its agents practice discrimination by placing huge fines and singling out her property. In the past Arthur has observed that the HOA will notoriously run up huge fines so that the homeowner will be so buried in debt they will be forced to sell or have foreclosure on their homes.

This very thing began with Mike Hill from Hometrend Property the previous community property manager that became upset and angry when Arthur had been transferred by her job to California and he desired to rent out her home. She declined and thus the outrageous fines and assessments began from him until he was forcibly removed as property manager and voted out.

Furthermore, Arthur has seen agents of the HOA and its associates circling her house when Arthur has asked the landscaper "Jeff" why is he circling he told her he was instructed to do so by Tammy Grover employed by the Vision Community as the Property Manager that lives

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 13

within the subdivision and paid a salary by the HOA to ensure everyone is following the rules". Both individuals circled Arthur's home when she first acquired a mobility scooter due to her physical disability and Jeff asked her "how long would she be in this thing?" Tammy drove her car in search of where the scooter was coming from and to see if Arthur was "violating rules" by outward appearance having a mobility ramp by her door. Arthur initially asked her doctor for a ramp that could be easily removed in and out of the main doorway because of the fear of being harassed. Jeff has also harassed Arthur's neighbor "Jennifer" in unit #130 when she was simply moving her car.

For the record Jennifer also has a child that is disabled in her home. Why did Tammy give him this authority and power when he is just the landscaper? The corruption of having Jeff perform duties that should be done by a licensed contractor such as repairing broken walls and construction within the subdivision is questionable and he is enabled to cite and tell Tammy which houses are in CC&R's violations to have fines placed on their accounts.

**THIRD CAUSE OF ACTION:**

**(Intentional Inflection of Emotional Distress-Against Plaintiff )**

**Including Personal Injury)**

*Enjoyment of living:* refers to the type of lifestyle that the resident will live in based on Federal Law 24 CFR § 100.400 Prohibited interference, coercion or intimidation. The general legal understanding is that (a) this subpart provides the Department's interpretation of the conduct that is unlawful under section 818 of the Fair Housing Act. (b) it shall be unlawful to coerce, intimidate threaten, or interfere with any person in the exercise or enjoyment of, or on

account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this part.

As a proximate result of Defendant's extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all damages in sum according to proof in Court. Plaintiff has sustained and continues to sustain substantial loss and permanent damage to her veins in her legs with newly acquired lymphedema and other benefits as a result of being emotionally distressed. Defendant's conduct has caused Plaintiff extreme devastation and hardship while being deprived of her legal rights. Defendants misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to seek legal remedy in Court to damages including punitive.

*Personal Injury:*

Arthur alleges she contracted and sustained a personal injury due to the lack of enforcement and breach of duty from the HOA board in violation of its very own CC&R's section 4.2 in regular maintenance of the "common grounds and sanitary removing dog droppings after dogs". Arthur had an infection from cleaning up and hosing down the dog feces that the HOA president Rick McDaniel and his buddies would walk every night on Arthur's yard to have their dogs poop on her yard out of spite to bully and harass Arthur in a hostile manner. Arthur was hospitalized in February 28, 2018 and was advised she had a skin and blood infection from her outdoor cleaning activity and sustained sepsis per the infectious disease doctor at Banner health Baywood. Arthur was in for the fight of her very life and limb she almost was

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 15

amputated due to the infection hit her blood. Several of Arthur's neighbors were witnesses to this and can attest to events. As a result of the negligent care and maintenance of the HOA CC&R's for the dog owners to pick up their dogs feces Arthur now has permanent damage in both legs in her veins and lymphedema. Who could she complain to? Afterall it was the HOA president and his buddies walking their dogs together each night. Arthur did make calls to Animal Control but was advised since it is an HOA the board would have to call which would have never happen.

The HOA has neglected to maintain the "common grounds" in breech of duty on more than one occasion the pool area has been covered with dirty baby diapers beer bottles and the pool never been drained or scrubbed down during the down time in winter months. The areas where children play is also had uncleaned dog feces in the "green belts". This is a violation of A.R.S § 13-3899- and § 13-3903 Mesa City Code Title 6 Section 6-4-30 Removal and disposal of dog excrement. The HOA neglects to enforce this law because of the hefty fines ($2,500) or imprisonment 6 months to the president and his buddies would actually have to pick up after their dogs so other neighbors feel empowered to not follow.

The HOA also fails to enforce firework aerial laws. Arthur has had to call the police more than once each year as neighbors took aim at the house with aerial fireworks during holidays as a way to intimidate Arthur and cause panic and fear.

**PRAYER:**

WHEREFORE, plaintiff, Francine M. Arthur, prays for judgement against defendants as follows:

1. For general and special damages according to proof;

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF  EMOTIONAL DISTRESS AND PHYSICAL INJURY AND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 16

2. For exemplary damages, according to proof;

3. For pre-judgement and post judgement interest on all damages awarded;

4. For reasonable attorney's fees.

5. For costs of suit incurred.

6. For such other relief as the Court may deem just and proper.

7. Disbandment from the HOA and its CC&R's until the home is sold to another family separate from the Arthur family name.

ADDITIONALLY, plaintiff, Francine M Arthur, demands trial of this matter by jury.

Dated: February 28, 2020

_____
Francine M. Arthur,
pro per

COMPLAINT FOR DAMAGES FOR:(1) FRAUD IN VIOLATION OF U.S.C. 29 CFR 2580.412-9 (2) DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS TITLE VII  FAIR HOUSING (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL INJURYAND NOTICE TO PRODUCE DEMAND FOR JURY TRIAL - 17