**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francine M. Arthur, | No. CV-20-00435-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Windsor Shadows Homeowner's Association, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. 23). Plaintiff filed a Response in Opposition (Doc. 30), and Defendant filed a Reply (Doc. 31). The matter is fully briefed.

## I. Background

*Pro se* Plaintiff Francine Arthur resides in the Windsor Shadows neighborhood in Mesa, Arizona. (Doc. 21 at ¶ 7). She is of "Hispanic, African American, and Native American heritage" and is mentally and physically disabled (*Id.* at ¶ 15). Defendant Windsor Shadows Homeowner's Association is a private organization responsible for enforcing the neighborhood's Covenants, Conditions, and Restrictions ("CC&Rs") (*Id.* at ¶ 16). In her Complaint, Plaintiff alleges that Defendant has engaged in a scheme (what she refers to as the "Windsor Shadows Strategy") to displace existing disabled, minority residents and bring into the neighborhood more affluent, white residents (*Id.* at ¶¶ 7, 27). Plaintiff alleges that Defendant "singled [her] out" for harsh treatment, while white, non-disabled residents were given preferential treatment (*Id.* at ¶¶ 37, 45, 154).

To accomplish this scheme and force her to leave, Plaintiff alleges that Defendant has noted numerous violations of the CC&Rs against her home, imposed large fines and assessments against her, placed a lien on her home, and threatened to foreclose on her home (*Id.* at ¶¶ 8, 24, 33).  Some of these actions were allegedly taken by the Mulcahy Law Firm, which Plaintiff alleges acted as Defendant's agent (*Id.* at ¶¶ 31, 34).  Plaintiff alleges that Defendant failed to maintain the common areas of the neighborhood in clean and sanitary condition, causing various injuries (*Id.* at ¶¶ 25–26).  Additionally, Plaintiff alleges that Defendant did not permit her to use her wheelchair on the street, forbade her from installing a wheelchair ramp at her home, made derogatory remarks about her disability and national origin, and threatened her (*Id.* at ¶ 8).

Invoking federal question jurisdiction and supplemental jurisdiction, Plaintiff lists fifteen causes of action, including alleged violations of the Federal Fair Housing Act and Fair Debt Practices Act, as well as various state, local, and common law causes of action. Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction and for violating Rule 8 of the Federal Rules of Civil Procedure.

## II. Discussion

The Court will first address the Rule 8 issue.

### A. Rule 8

In its Motion to Dismiss under Rule 12(b)(1), Defendant also moves to dismiss Plaintiff's Complaint under Rule 8, arguing that the Complaint's "length" and "lack of coherence" justify an involuntary dismissal.  (Doc. 23 at 2–3).  The Federal Rules of Civil Procedure require that all complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Additionally, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).  But allegations in a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Courts must liberally construe pleadings submitted by a *pro se* plaintiff, affording the claimant the benefit of any doubt.  *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Bretz v. Kelman*, 773 F.2d 1026,

1027 n.1 (9th Cir. 1985) (en banc)).  However, courts "may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  If the complaint's deficiencies can be cured, a court must give the *pro se* litigant leave to amend her complaint.  *See Karim–Panahi*, 839 F.2d at 623 (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Complaints demonstrating "extraordinary prolixity" may be dismissed, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011), but ordinarily a complaint's "verbosity" and "length" alone cannot be grounds for dismissal under Rule 8.  *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008).  This leniency does not allow plaintiffs to draft complaints that are "argumentative, prolix, replete with redundancy and largely irrelevant," *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996), "confusing and conclusory," *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985), or "distracting, ambiguous, and unintelligible."  *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980).  To lessen a defendant's burden of responding to a complaint with "excessive factual detail," courts have the authority to strike any redundancy from a complaint and can excuse a defendant from answering repetitive or irrelevant paragraphs.  *See Hearns*, 530 F.3d at 1132.  Dismissal with prejudice is a "harsh remedy," so courts must first "consider less drastic alternatives."  *Id.* (citing *McHenry*, 84 F.3d at 1178).

Plaintiff's Amended Complaint is eighty pages long, alleging fifteen causes of action against Defendant.  It totals 279 paragraphs, approximately half of which are excessive background details that improperly mix facts and legal standards.  Many of its factual allegations are repetitive and irrelevant.  Even affording Plaintiff the benefit of the doubt, a generous reading of the Complaint leaves the Court confused about what Plaintiff is alleging Defendant to have done, when Defendant's alleged conduct took place, and how those actions violate the law.  The Complaint is too specific about irrelevant facts and not specific enough about relevant ones.  In its present state, Plaintiff's Complaint must be dismissed for its prolixity, redundance, irrelevance, and ambiguity.  This dismissal will be without prejudice and with leave to amend, as will be further explained in Part III of this

Order ("Instructions").

## B.  Subject Matter Jurisdiction

Notwithstanding the Rule 8 violations, the Court turns to consider whether it has subject matter jurisdiction over Plaintiff's claims.  Federal Rule of Civil Procedure 12(h)(3) requires courts to dismiss claims over which they lack subject matter jurisdiction.  A Rule 12(b)(1) challenge to subject matter jurisdiction may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the court may dismiss a complaint when the allegations of and documents attached to the complaint are insufficient to confer subject matter jurisdiction.  *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In this context, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Fed'n of Afr. Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  In contrast, when a court evaluates a factual challenge to jurisdiction, a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Safe Air for Everyone*, 373 F.3d at 1039 ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

By arguing that the Complaint "fails to make sufficient allegations to raise a federal question," Defendant makes a facial attack on the Court's subject matter jurisdiction.  (*See* Doc. 23 at 4).  A case arises under federal law "whenever its correct decision depends on the construction" of a federal law.  *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 378 (1821).  Under the well-pleaded complaint rule, the complaint must "establish[ ] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)).  A complaint need not include "detailed factual allegations," but there must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Merely reciting "the elements of a cause of

1    action" without "further factual enhancement" is insufficient.  *Id.*

2           **1.  Americans with Disabilities Act**

3           As an initial matter, Defendant claims that Plaintiff alleged a violation of the

4    Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182.  (Doc. 23 at 4).  But

5    nowhere in Plaintiff's Complaint does a citation to this law exist.  All references to the

6    ADA are accompanied by citations to the Fair Housing Act ("FHA"), which also contains

7    protections for people with disabilities.  The Court finds that Plaintiff has not pleaded a

8    violation of the ADA and will construe her disability-related allegations as part of her FHA

9    claims.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam) (reversing

10   summary judgment entered against petitioners who sought relief under 42 U.S.C. § 1983

11   but who had failed to cite to that specific statute).

12          **2.  Fair Housing Act**

13          The FHA, part of the Civil Rights Act of 1968, prohibits housing discrimination.

14   42 U.S.C. §§ 3601, 3604.  Claims under the FHA can proceed under disparate-impact and

15   disparate-treatment theories of liability.  *See Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive*

16   *Cmtys. Project, Inc.*, 576 U.S. 519, 545–46 (2015).  If a plaintiff bases a disparate treatment

17   claim on circumstantial evidence, the Court will employ the burden-shifting scheme from

18   *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  But a plaintiff need not satisfy

19   the *McDonnell Douglas* test at the pleading stage.  *See Gilligan v. Jamco Dev. Corp.*,

20   108 F.3d 246, 249 (9th Cir. 1997) (citing *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924

21   (8th Cir. 1993)).

22          In Count One, Plaintiff alleges numerous violations of the FHA, 42 U.S.C. §§ 3604,

23   3617.  Defendant contends that Plaintiff does not sufficiently allege a violation of the FHA

24   because Plaintiff did not argue that Defendant engaged in "discrimination in the sale or

25   rental of dwellings."  (Doc. 23 at 4).  A brief look at Plaintiff's Complaint disabuses the

26   Court of that notion, as the FHA prohibits far more than "discrimination in the sale or rental

27   of dwellings."  *See Wilson v. Seattle Hous. Auth.*, 2010 WL 1633323, at *3–4 (W.D. Wash.

28   Apr. 22, 2010) (categorically rejecting a similar argument).

            In Count One, Plaintiff alleges the following violations of the FHA: 42 U.S.C.

§§ 3604(b) (discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith"), 3604(c) (advertising the sale or rental of a dwelling that "indicates any preference, limitation, or discrimination" based on a protected class), 3604(e) (inducing or attempting to induce the sale or rental of "any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular" protected class), 3604(f)(1) (discrimination in the rental of a dwelling because of the renter's handicap), 3604(f)(2) (discrimination in the "terms, conditions, or privileges" of the rental of a dwelling because of the renter's handicap), 3604(f)(3)(A) (refusing to permit reasonable modifications of a dwelling rented by a handicapped renter), 3604(f)(3)(B) (refusing to make "reasonable accommodations in rules, policies, practices, or services" for a handicapped renter), and 3617 (coercing, intimidating, threatening, or interfering with a renter's rights under § 3604).  (*See* Doc. 21 at ¶¶ 132–150, 165–170).  She ties specific facts to many of these claims.  While Plaintiff's Complaint could be clearer and more concise, she has sufficiently stated a claim under the FHA to give this Court subject matter jurisdiction, and therefore the Court will not dismiss Count One with prejudice.

### 3.  Fair Debt Collection Practices Act

In Counts Thirteen and Fourteen, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, by collecting excessive late fees and by falsely representing the amount of an alleged debt.  (*See* Doc. 21 at ¶¶ 260–62).  Defendant argues that because it is not in the business of collecting debts, it is not subject to the FDCPA.  (*See* Doc. 23 at 4–5).

The FDCPA only applies to "debt collectors," and a creditor is not a "debt collector" when it attempts to collect its own debt.  *See* 15 U.S.C. § 1692a(6)(A).  A homeowners' association is therefore not subject to the FDCPA when it seeks to collect its own fees and assessments.  *See Doran v. Aus*, 308 F. App'x 49, 51 (9th Cir. 2009); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 n.3 (7th Cir. 1997).  Moreover, when a law firm seeks to collect a debt on behalf of a client, the FDCPA only applies if the client is also a debt collector.  *Caron v. Charles E. Maxwell, P.C.*, 48 F. Supp. 2d 932, 936 (D. Ariz.

1999) (collecting cases).  In other words, there is no vicarious liability for actions taken by a debt collector on behalf of a creditor who is not a debt collector.  *See id.*  Even if the Mulcahy Law Firm qualifies as a debt collector,[1] Defendant does not.  Because Defendant is not subject to the FDCPA, Defendant's Motion is granted as to Counts Thirteen and Fourteen.  These claims are dismissed with prejudice.

### 4.  Other Causes of Action

Plaintiff relies on supplemental jurisdiction to bring her other claims into federal court.  Exercising supplemental jurisdiction is only appropriate where the claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III."  28 U.S.C. § 1367.  A state-law claim forms part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claim such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff's claims in Counts Two, Three, and Five are all based on the same facts alleged in Count One, so these claims are pendent to the federal claim.  Count Seven, alleging a violation of the "Arizona Anti-Harassment Statute," lists many of the same facts as are in Counts One, Two, Three, and Five.  But the state law Plaintiff cites, A.R.S. § 23-371, is an "earned paid sick time" labor law, which is unconnected to housing or housing discrimination.  Plaintiff cannot state a claim for housing discrimination under this labor law.  Similarly, Count Fifteen alleges a general claim for "fraud," but Plaintiff cites 29 C.F.R. § 2580.412-9, a regulation requiring ERISA plan administrators to be bonded to encompass fraudulent conduct, and [18] U.S.C. § 1341, the federal mail fraud statute.  Neither of these laws are relevant here, so Plaintiff's legal theory is unidentifiable.  As required by the Federal Rules of Civil Procedure, fraud must be alleged "with particularity."  Fed. R. Civ. P. 9(b).  Rule 9(b) requires that a complaint identify "'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or

---

[1] Importantly, the Mulcahy Law Firm is not a party in this matter.

misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso*, 637 F.3d at 1055 (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).  If Plaintiff wishes to allege pendent state-law claims for harassment or fraud, she must cite applicable state statutes that cover the alleged conduct.  As such, Counts Seven and Fifteen are dismissed without prejudice.[2]

Plaintiff's various state-law claims alleging injuries caused by dog excrement are wholly unrelated to her federal claim of housing discrimination.  Plaintiff's claims in Count One are based on allegations that, among other things, Defendant served Plaintiff with "baseless or unwarranted violation notices . . . designed to pressure her to move," made "other threats of foreclosure," made "derogatory comments" based on Plaintiff's protected status, imposed "oppressive" HOA fees, and engaged in the "Windsor Shadows Strategy" to discriminate against future tenants based on prohibited grounds.  (Doc. 21 at ¶¶ 136–145).  By contrast, Plaintiff's claims in Counts Four, Six, Eight, Nine, Ten, Eleven, and Twelve are based on allegations that Defendant failed to enforce a City of Mesa ordinance regarding removal and disposal of dog fecal matter and that the presence of dog excrement caused Plaintiff to suffer various injuries (*See, e.g.*, *id.* at ¶¶ 173, 184, 193, 204, 219, 237, 243).  These actions do not derive from a common nucleus of operative fact.  Instead, these claims are wholly separate and would not ordinarily be expected to be tried together; they belong in a different forum.  The Court declines to exercise supplemental jurisdiction over these state-law claims.

Therefore, Counts Seven and Fifteen are dismissed without prejudice and with leave to amend.  Counts Four, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen are dismissed with prejudice.  When amending her Complaint, Plaintiff shall not reallege facts or make legal arguments regarding these nine dismissed causes of action.

However, Defendant's facial attack on the Court's subject matter jurisdiction for Counts One, Two, Three, and Five must fail. Plaintiff sufficiently alleges facts giving rise to federal question jurisdiction, and the federal claims and the pendent state-law claims

---

[2] If Plaintiff is unable to support her claims under applicable law, they are subject to dismissal with prejudice.

arise out of a common nucleus of operative fact.  Therefore, the Court will allow Plaintiff the opportunity to amend these claims to meet the Rule 8 standards.

**III. Instructions**

Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Freely permitting amendments to pleadings is "particularly important for the *pro se* litigant."  *Id.* at 1131.

The Court instructs Plaintiff as follows.  After the section at the beginning of her Second Amended Complaint clearly describing the jurisdictional basis for the case and whether venue is proper, Plaintiff should include a section of factual allegations against Defendant, noting relevant dates or ranges of dates when certain events occurred.  The factual allegations shall be separated into paragraphs that are numbered sequentially pursuant to LRCiv 7.1(b).  Plaintiff must refrain from discussing laws, statutes, cases, or legal standards when listing her factual allegations.  The next section should lay out Plaintiff's claims.  The claims should be listed in chronological order, and numbered in a way that the Court and Defendant can identify the numerosity of the claims: "Count One; Count Two, etc."  Plaintiff may renumber her claims so that they remain in numerical order. Each claim should include a legal basis for the claim, and an explanation of the factual allegations that support the claim.

Plaintiff "must articulate the exact legal theory of relief for each cause of action [she is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe[s] was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct. [Plaintiff] must repeat this process for each theory underlying every specific cause of action." *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14,

2020).  Any claims sounding in fraud must be pled with particularity pursuant to Rule 9(b).  This means that Plaintiff must tie specific factual allegations against Defendant to her fraud claim in Count Fifteen.  The Court urges Plaintiff to state sufficient factual allegations and legal support necessary to establish her claims, but to do so in a way that is **as concise as possible**.

The Court reminds Plaintiff that she may not reallege Counts Four, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen when amending her Complaint, as these causes of action have been dismissed with prejudice.  Any facts pertaining to these dismissed claims must also be removed from Plaintiff's Second Amended Complaint.

To file an amended complaint, Plaintiff must first file a motion for leave to amend in accordance with Local Rule 15.1(a), by including the proposed Second Amended Complaint and a strikethrough version of her previous Complaint, showing the changes made.  *See* LRCiv 15.1(a) ("A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.").

**IV.  Warning**

Because the Court has explicitly informed Plaintiff what needs to be done to file a complying Second Amended Complaint, this will be her final opportunity to comply.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).  Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is advised of the Free Self-Service

Clinic at the Phoenix courthouse.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (Doc. 21) is **DISMISSED WITH LEAVE TO AMEND**.  Plaintiff may file a Motion for Leave to File a Second Amended Complaint within thirty (30) days of the date of this Order.  If Plaintiff fails to file a Motion for Leave to File a Second Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter judgment and dismiss this case with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 23) is **GRANTED IN PART**.  Counts Four, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen in Plaintiff's Amended Complaint (Doc. 21) are **DISMISSED WITH PREJUDICE**.  Counts Seven and Fifteen are **DISMISSED WITHOUT PREJUDICE**.

Dated this 31st day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge

---

[3] Plaintiff may wish to schedule a telephonic appointment to meet with a volunteer lawyer. For information, visit the Court's website at: www.azd.uscourts.gov.  Proceed to the box entitled *For Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self Service Center - Phoenix.*