**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francine M Arthur,<br><br>           Plaintiff,<br><br>v.<br><br>Windsor Shadows Homeowner's Association,<br><br>           Defendant. | No. CV-20-00435-PHX-DJH<br><br>**ORDER** |

Pending before the Court are *pro se* Plaintiff's and Defendant's motions for summary judgment (Docs. 103; 104). These matters are fully briefed. Also bending before the Court are several motions filed by Plaintiff, including a Motion to Compel (Doc. 82), a Motion for Leave to File Sur-Reply (Doc. 108), and two motions to supplement (Docs. 111; 112). For the reasons explained below, the Court grants Defendant's Motion for Summary Judgment.

**I.   Background**

Plaintiff Francine Arthur's Second Amended Complaint ("SAC") (Doc. 56) brings five causes of action against Defendant Windsor Shadows Homeowner's Association. Generally, the SAC alleges that Plaintiff lives in the Windsor Shadows community and that she has been harmed by Defendant. It is not exactly clear what these causes of action are because Plaintiff cites multiple statutes under the same cause of action. However, the Court infers that the claims are for the following: Count One alleges discrimination under the Fair Housing Act ("FHA"); Count Two alleges a violation of Arizona's Fair Housing Act

("AFHA"); Count Three alleges harassment under A.R.S. § 13-2921; Count Four alleges a breach of the covenant of quiet enjoyment; Count Five alleges Defendants breached a fiduciary duty. (Doc. 56 at 92–185); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (noting that courts must construe pro se pleadings liberally).

## II. Motion to Compel (Doc. 82)

Before proceeding to the motions for summary judgment, the Court notes that it has not yet ruled on Plaintiff's Motion Compel (Doc. 82). The Court ordered the parties to meet and confer on the subject matter of the Motion. (Doc. 86). And the Court held a hearing on the matter and ordered Plaintiff to narrow the scope of her interrogatories and it ordered Defendant to respond. (Doc. 92). In doing so, the Motion to Compel can be said to have been granted in part and denied in part.

## III. Plaintiff's Request for Additional Filings (Docs. 108; 111; 112)

Plaintiff has filed a Motion for Leave to File Sur-Reply (Doc. 108) to demonstrate that she is disabled and that she is considered the owner under Defendant's covenants, conditions, and restrictions ("CC&Rs"). Defendant does not oppose this Motion, and the Court grants it.

Plaintiff has also filed a Motion to Supplement (Doc. 111), which seeks to admit a photograph of the ramp in someone's yard "being used for skateboard jumping . . . ." The other Motion to Supplement contains a photograph, which Plaintiff claims shows a landscaper conducting surveillance on her house. (Doc. 112). The Court denies these motions as untimely and because Plaintiff does not explain why they could not have been submitted earlier with the summary judgment motion briefing.

## IV. Motion for Summary Judgment Standard

A court will grant summary judgment if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, a court does not weigh evidence

to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

**V.     Discussion**

The Court will proceed through each of the SAC's claims in turn.

**a. Discrimination Under the FHA**

Under the FHA, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Courts employ a Title VII discrimination analysis when examining FHA claims, whereby a plaintiff can base her theory of discrimination on "a theory of disparate treatment or disparate impact." *Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008). Because Plaintiff argues that Defendant has selectively enforced its CC&Rs, the Court infers Plaintiff brings a discrimination claim based on disparate treatment. (Doc. 103 at 11).

To bring a disparate treatment discrimination claim under the FHA, a plaintiff must first show that she has been treated differently than others. *See McDonnell Douglas Corp.*

*v. Green*, 411 U.S. 792, 802 (1973); *Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1243 (E.D. Cal. 2009). During her deposition testimony, Plaintiff only identified a neighbor, Allen Lay, as an individual who was treated differently because she claimed that he had some of his debts to Defendant forgiven. (Doc. 104-5 at 15). She claims that the debts she owned to Defendant have not been forgiven due to her race and disabilities. (Doc. 56 at ¶¶ 103, 113). Plaintiff has not produced any admissible evidence to support her claim that Allen Lay's debt was forgiven.[1] Defendant has produced the transaction history for the housing unit where Allen Lay lives, and it does not show any debt was forgiven. (Doc. 104-10). The Court finds that Plaintiff's testimony to the contrary is insufficient to create a genuine issue of fact.

To some extent, Plaintiff also argues that she has been discriminated against because of her a ramp that she uses for a mobility scooter. (Doc. 56 at ¶ 98). However, Plaintiff admits in her deposition that she has never received a written complaint from Defendant about the ramp. (Doc. 104-5 at 11). There is no evidence in the record that Defendant took any adverse action against Plaintiff because of the ramp. Plaintiff alleges that she was discriminated against because a landscaper mistook her ramp for a skateboard ramp. (Doc. 56 at ¶ 98). But the Court finds that this statement does not create a genuine issue showing that Defendant discriminated against her because of her disability.

Because Plaintiff has not produced any evidence that she is being treated differently than others the Court will enter judgment in Defendant's favor for Count One.

**b. Violation of AFHA**

Like the FHA, the AFHA prohibits discrimination "in the provision of services of facilities in connection with" a dwelling because of a person's race or disability. A.R.S. §§ 41-1491.14(B); 41-1491.19(B). Arizona courts have noted that the AFHA is "virtually identical" to the FHA. *Canady v. Prescott Canyon Ests. Homeowners Ass'n*, 60 P.3d 231,

---

[1] The Court notes Plaintiff submitted a declaration from Scott Winters, who states that he was told by an unnamed former board member that the debt was forgiven. (Doc. 40-10 at 6). But this is an out of court statement offered to prove that the debt was forgiven, and it constitutes inadmissible hearsay. Fed. R. Evid. 802. Courts may not consider inadmissible evidence on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

233 (Ariz. Ct. App. 2002). Because Plaintiff fails to show any discrimination for purposes of the FHA claim, her AFHA claim also fails. The Court must enter judgment in Defendant's favor for Count Two.

### c. Harassment

Plaintiff cites both 24 C.F.R. § 100.7(a)(iii) and A.R.S. § 13-2921 as the basis for her harassment claim. (Doc. 56 at 38). To the extent this claim is based on racial discrimination, it fails because there is no evidence of racial discrimination in the record. It also fails because neither source of law that Plaintiff cites provides a basis for a civil cause of action. 24 C.F.R. § 100.7 is a regulation related to the FHA and not a separate cause of action from what the FHA already provides. A.R.S. § 13-2921 is part of Arizona's criminal statute defining what constitutes harassment against any person or public official, and it does not contain an explicit private cause of action. Furthermore, "no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group." *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994). The Court declines to infer a private cause of action here because Plaintiff has nowhere argued that she is a member of a special group, such as a public official, with a right to a private cause of action.

Because there is no valid cause of action under Count Three, the Court will dismiss Count Three with prejudice because Plaintiff could not obtain any relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (stating that courts may dismiss claims sua sponte when a "claimant cannot possibly win relief").

### d. Breach of Covenant of Quiet Enjoyment

Under Arizona law, there is an implied covenant of quiet enjoyment whereby "a tenant will be free from any interference on the part of the landlord." *Comerica Bank v. Cactus & Tatum, L.L.C.*, 2010 WL 2299086, at *2 (Ariz. Ct. App. June 8, 2010) (cleaned up). As Plaintiff concedes, the home where she lives was owned by her mother, and when her mother passed it was placed in a trust. (Doc. 104-5 at 12). Michael and Richard Harms

are the trustees. (*Id.*) There is nothing in the record showing that Plaintiff is a tenant or that Defendant is a landlord. In fact, Plaintiff herself argues she is the beneficiary of the trust and is considered the owner of the home under the CC&Rs. (Doc. 105 at 10). Therefore, there is now showing that Plaintiff is a tenant or that Defendant is a landlord. The Court will enter judgment in Defendant's favor for Count Four.

### e. Breach of Fiduciary Duty

Plaintiff's final claim generally alleges that Defendants fraudulently enforced a lien on the home where Plaintiff lives. (Doc. 56 at ¶ 161). Beyond this, however, the Court is unable to discern what breach or fraudulent activity Plaintiff claims Defendant engaged in. Defendant simply argues that Plaintiff fails to make a prima facie claim for breach of fiduciary duty or fraud without explaining what possible theory Plaintiff might recover on. (Doc. 104 at 12–14). Plaintiff does not clarify what this alleged breach consists of, but she does mention that the Defendant "misplaced" some payments that she made to it. (Doc. 105 at 49). Plaintiff attaches lengthy strings of emails to her Motion for Summary Judgment in which she claims that Defendant misplaced $1,000. (*See e.g.* Doc. 40-1). But these emails do not show that $1,000 was misplaced, only that Plaintiff claims they are. The Court cannot, therefore, find any facts showing a breach of any duty or fraud on Defendant's behalf. The Court will enter judgment in Defendant's favor for Count Five.

## VI. Conclusion

The Court will grant summary judgment in Defendants favor for all of the SAC's claims, except for Count Three, which the Court dismisses with prejudice for failing to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. 82) is **granted** in part and **denied** in part. Plaintiff's Motion for Leave to File Sur-Reply (Doc. 108) is **granted**. Plaintiff's motions to supplement (Docs. 111; 112) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 103) is **denied**.

     **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 104) is **granted** in part as set forth in this Order. The Clerk of Court shall enter judgment in Defendant's favor for Counts One, Two, Four, and Five. The Court dismisses Count Three with prejudice for failing to state any claim for relief.

     **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action.

Dated this 6th day of July, 2022.

*[Signature]*

Honorable Diane J. Humetewa
United States District Judge